**REED SMITH LLP**
Louis A. Bayles, Esq.
Aaron M. Bender, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824
lbayles@reedsmith.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX OSTERNECK, CLA, MSCS, MSIT<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | Civil Action No.:<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), hereby removes this action from the Court of Common Pleas, Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, Wells Fargo states as follows:

## I.     BACKGROUND

1. On December 1, 2025, Plaintiff Alex Osterneck ("Plaintiff") commenced this action by filing a Complaint in the Court of Common Pleas, Montgomery County, Pennsylvania, where it is presently captioned *Alex Osterneck v. Wells Fargo Bank, N.A.*, case number 2025-29289 (the "State Court Action").[1] *See Exhibit ("Ex.") 1*.

2. In his original Complaint, Plaintiff raised five common law claims against Wells Fargo for (1) breach of contract; (2) breach of fiduciary duty; (3) fraud; (4) conversion; and (5) unjust enrichment. *See Exhibit ("Ex.") 1* at ¶¶ 17-41.

3. Plaintiff then filed his Amended Complaint on December 21, 2025, raising the exact same common law claims against Wells Fargo. *See Ex. 7* at ¶¶ 17-41.

4. Wells Fargo filed Preliminary Objections to Plaintiff's Amended Complaint on January 6, 2026, and on February 26, 2026, Plaintiff filed his Second Amended Complaint. *See Exs. 16, 67*.

5. In his Second Amended Complaint, Plaintiff asserts the same five common law causes of action against Wells Fargo in addition to a new count for

---

[1] True and correct copies of all summonses, complaints, answers, motions, and orders served upon Wells Fargo in the State Court Action – bearing docket entry numbers 0 through 69, excluding docket entry number 47 which is not listed on the docket – are attached hereto as **Exhibits 1-69**, respectively.

alleged violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *See Ex. 67* at ¶¶ 24-48; 64-66.

6. In his Second Amended Complaint – and for the first time in the State Court Action – Plaintiff asserts claims arising under federal law for alleged violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq. Id.,* at ¶¶ 49-63.

7. This Notice of Removal is timely, having been filed within thirty days of Plaintiff's filing of his Second Amended Complaint and Wells Fargo's "receipt... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3); *see also League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019).

## II. REMOVAL TO THIS COURT IS PROPER

17. Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

18. Wells Fargo is removing this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

19. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically the FCRA and TILA. *See Ex. 67* at ¶¶ 49-63.

20. The Court of Common Pleas of Montgomery County is located within the United States District Court for the Eastern District of Pennsylvania. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21. Accordingly, had the Complaint been brought in the United States District Court for the Eastern District of Pennsylvania in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

### III. <u>REMOVAL TO THIS COURT MEETS THE PROCEDURAL REQUIREMENTS</u>

22. <u>Removal is Timely</u>. Wells Fargo was served with Plaintiff's Second Amended Complaint on February 26, 2026 and therefore, first ascertained that this case is one which has become removable on February 26, 2026. Accordingly, this Notice of Removal is timely because this Notice of Removal was filed within thirty days from the date on which Wells Fargo ascertained this case has become removeable. *See* 28 U.S.C. § 1446(b)(3).

23.     <u>Notice</u>.  Wells Fargo will promptly serve Plaintiff and file with this Court its Notice of Removal to all adverse parties, informing Plaintiff that this matter has been removed to federal court.  *See* 28 U.S.C. §§ 1446(a), (d).  Wells Fargo will also promptly file with the Clerk of the Court of Common Pleas, Montgomery County, Pennsylvania, and serve on Plaintiff, a Notice of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

24.     <u>Pleadings and Process Have Been Provided</u>.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, motions, orders and subsequent filings served on Wells Fargo in the State Court Action are annexed hereto as Exhibits 1 through 69.

25.     Wells Fargo will supplement this Removal with remaining pleadings and orders filed with the state court in the State Court Action, if any, as soon as they are received.

26.     <u>This is the Only Request for Removal.</u>  Wells Fargo has not made a previous application for the relief requested herein, and Wells Fargo is not aware of any other defendant attempting to remove this matter to this Court or any other federal court.

27.     <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(b).

28. <u>No Waiver of Defenses</u>.  Wells Fargo has good and sufficient defenses to this action and does not waive any defense, jurisdictional or otherwise, by the filing of this notice.

29. <u>Rule of Unanimity</u>.  Wells Fargo is the only defendant in this action and does not require any other Defendant's consent for the instant removal.

**WHEREFORE**, Defendant Wells Fargo gives notice that this action is removed from the Pennsylvania Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

**REED SMITH LLP**

Dated: March 4, 2026

*/s/ Louis A. Bayles*
Louis A. Bayles, Esq.